UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WILLIE PORCHIA                                                                PETITIONER

VS.                          5:19-CV-00012-JTR

WENDY KELLEY, Director,
Arkansas Department of Correction                                        RESPONDENT

# MEMORANDUM OPINION[1]

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Willie Porchia ("Porchia"). *Doc. 2*. Before addressing Porchia's habeas claims, the Court will review the relevant procedural history of the case in state court.

On June 20, 2013, a jury in Ouachita County found Porchia guilty of four counts of delivery of a controlled substance within 1,000 feet of a church. Porchia was sentenced as a habitual offender to four ten-year terms on each of the delivery

---

[1] The parties consented to a United States Magistrate Judge to conduct all proceedings in this case, including the entry of a final judgment. *Doc. 9*.

1

convictions and four ten-year terms on the proximity enhancement,[2] to be served consecutively. *Doc. 10-2.*

Porchia appealed his conviction. On November 19, 2014, the Arkansas Court of Appeals affirmed, ruling that neither of the two trial errors raised by Porchia were preserved for appeal.[3] *Porchia v. State*, 2014 Ark. App. 662 ("*Porcia I*").

On February 19, 2015, Porchia filed a *pro se* Rule 37 petition in the trial court raising various ineffective assistance of counsel claims. *Doc. 10-3 at 366-375.* On March 20, 2015, the trial court held that it lacked jurisdiction over Porchia's claims because his Rule 37 Petition was filed beyond the sixty-day time period for seeking such post-conviction relief.[4] *Doc. 10-3, pp. 483-82.*

Porchia attempted to appeal the denial of Rule 37 relief, but he filed his *pro se* notice of appeal too late. On November 17, 2016, the Arkansas Supreme Court denied Porchia's request to file a belated appeal. *Porchia v. State*, 2016 Ark. 403 ("*Porchia II*"); *Doc. 14-12.*

---

[2] Under Arkansas law, "[a] person is subject to an enhanced sentence of an additional term of ten (10) years if" the person commits a drug offense "within one thousand feet (1000') of the real property of . . . [a] church." Ark. Code Ann. § 5-64-411(a)(2)(H) (eff. July 27, 2011).

[3] Porchia argued on direct appeal that that the trial court erred in: (1) allowing evidence of still photos of the controlled drug buys; and (2) failing to instruct the jury of his ineligibility for early release or transfer due to the sentencing enhancement. The Arkansas Court of Appeals held that neither issue was preserved for appellate review. *Porchia I*, 2014 Ark. App. 662.

[4] *See* Ark. R. Crim. P. 37.2(c)(ii) (establishing sixty-day time period to file Rule 37 petition after direct appeal of conviction).

On January 7, 2019, Porchia, initiated this § 2254 habeas action in which he asserts ten claims of ineffective assistance of trial counsel, five claims of ineffective assistance of appellate counsel, three claims of trial error, and additional allegations that he was deprived of a fair trial and an impartial jury based on assorted discovery, confrontation, and due process violations. *Doc. 1 & 5*.[5] Porchia also alleges that that he is "actually innocent" of the sentencing enhancement under Ark. Code Ann. § 5-64-411. *Doc. 2 at 22-26*.

In her Response, Respondent argues that Porchia's habeas Petition must be dismissed because all of his claims are both time-barred and procedurally defaulted. *Doc. 10*. Porchia has filed a Reply. *Doc. 12*. Thus, the issues are joined and ready for disposition.

For the reasons explained below, the Court concludes that all of Porchia's habeas claims are barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). Accordingly, his habeas Petition must be dismissed, with prejudice.

---

[5] Because all of his habeas claims are untimely, it is not necessary for the Court to further identify them, except to note that some of his claims are difficult to decipher and hard to understand.

## II. Discussion

### A. Porchia Is Not Entitled To Any Statutory Tolling

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year statute of limitations governs a state prisoner's federal habeas corpus challenge to his conviction. 28 U.S.C. § 2244(d)(1). In most cases, including this one, the limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(e)(1)(A).

When a state prisoner fails to seek discretionary review of his conviction in the state's highest court, the judgment becomes "final" when the time for seeking such review expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *see Johnson v. Hobbs*, 678 F.3d 607, 610 (8th Cir. 2012) (in cases decided by the Arkansas Court of Appeals, a conviction becomes "final" when the prisoner can no longer file a petition for review with the Arkansas Supreme Court).

On November 19, 2014, the Arkansas Court of Appeals affirmed Porchia's conviction. From that date, Porchia had eighteen calendar days to file a petition for review with the Arkansas Supreme Court. Ark. Sup. Ct. R. 2-4(a) (stating petitions for review must be filed within 18 calendar days of the date of the Arkansas Court of Appeals' decision). Because the eighteenth day fell on Sunday, December 7, 2014, Porchia's last day to file a timely petition for review was December 8, 2014.

4

*See* Ark. R. App. P. – Crim 17. By electing not to seek such review, Porchia's conviction was final and AEDPA's statute of limitations began running on December 9, 2014.[6] Absent "statutory tolling," Porchia had one year from that date to file his § 2254 habeas Petition.

The federal limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). However, the limitations period is *not tolled* in the interval between the conclusion of direct review and the filing of a state post-conviction period. *Bear v. Fayram*, 650 F.3d 1120, 1125 (8th Cir. 2011), cert. denied, 132 S.Ct. 1113 (2012).

Additionally, while a "*properly filed* application for State post-conviction or other collateral review" tolls the limitation period, an untimely application for post-conviction relief has *no tolling effect*. 28 U.S.C. § 2244(d)(1) (emphasis added); *see also Runyan v. Burt*, 521 F.3d 942, 943-944 (8th Cir. 2008); *Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (pendency of state postconviction proceeding cannot have a tolling effect if it was filed after the expiration of the limitations period).

On February 19, 2015, Porchia filed a *pro se* Rule 37 petition, which the trial court held to be untimely because it was filed after the 60-day deadline, which meant

---

[6] *See King v. Hobbs*, 666 F.3d 1132, 1135-36 & n.4 (8th Cir. 2012) (habeas statute of limitations began running the day after the deadline for filing a petition for review with the Arkansas Supreme Court).

5

the court lacked jurisdiction to consider the petition on the merits. *Doc. 2, pp. 74-75*. Although Porchia attempted to appeal the trial court's denial of Rule 37 relief, he failed to file a timely notice of appeal. Because Porchia failed to demonstrate good cause for filing an untimely appeal notice, the Arkansas Supreme Court refused to address the merits of his appeal. *Porchia II*, 2016 Ark. 404, 3-4. For purposes of Porchia's § 2254 habeas Petition, those state court rulings are binding on this Court.

Accordingly, the one-year federal habeas statute of limitations began to run on December 9, 2014, and was *not* tolled during the pendency of any of Porchia's state post-conviction proceedings. Thus, Porchia had until December 9, 2015 to initiate this federal habeas action.

Porchia waited until December 30, 2018, more than three years beyond the filing deadline, to initiate his § 254 habeas Petition.[7] Accordingly, unless Porchia can establish that he is entitled to equitable tolling or that he qualifies for the actual innocence exception, his habeas claims are time-barred.

---

[7] Although the Clerk of Court received and file-stamped Porchia's habeas Petition on January 7, 2019, it was deemed "filed," as a matter of law, on December 30, 2018, the date it was delivered to prison authorities for mailing to the Court. *Ford v. Bowersox,* 178 F.3d 522, 523 (8th Cir.1999); *see* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts. The Court has accepted Porchia's sworn declaration that he delivered his Petition to prison authorities for mailing on December 30, 2018. *Doc. 2,* at 15.

### B. No Equitable Exceptions Apply To Extend the One-Year Limitations Period

#### 1. Equitable Tolling

In a narrow range of cases, a habeas petitioner may equitably toll the one year statute of limitations if he can show that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). To secure equitable tolling, a petitioner must show that "the extraordinary circumstance *caused* him to miss the original filing deadline." *Coulter v. Kelley*, 871 F.3d 612, 624 (8th Cir. 2017) (emphasis in original). "Equitable tolling is an exceedingly narrow window of relief." *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007) (omitting citation).

First, Porchia has not demonstrated that he pursued his rights diligently. He offers no explanation for failing to initiate this action between December 9, 2014 and December 9, 2015, the applicable one-year limitations period. The fact that he used some of this time pursuing an untimely Rule 37 petition does not excuse his lack of diligence. See *Gordon v. Arkansas*, 823 F.3d 1188, 1195, n. 4 (8th Cir. 2016) (rejecting petitioner's argument to apply equitable tolling to period he was attempting to exhaust state-court remedies). *Pace v. DiGuglielmo*, 544 U.S. 408, 416, 418 (2005) (refusing to apply equitable tolling after observing that a "petitioner's reasonable confusion about whether a state [post-conviction] filing

would be timely will ordinarily constitute 'good cause' for him to file [a protective petition] in federal court.").

Second, Porchia has not demonstrated any "extraordinary circumstances" as required by *Holland*. The Eighth Circuit has repeatedly held that a petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, does not justify equitable tolling. *See, e.g.*, *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597–98 (8th Cir. 2004); *Baker v. Norris*, 321 F.3d 769 (8th Cir. 2003).

Accordingly, the Court concludes that Porchia has failed to demonstrate that he is entitled to equitable tolling.

### 2. Actual Innocence

Finally, Porchia argues that his gateway "actually innocence" claim overrides the statute of limitations and allows the Court to decide the merits of his habeas claims. In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Court explained that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to overcome the expiration of the statute of limitations. The Court cautioned that "tenable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty

8

beyond a reasonable doubt." *Id.* (*citing Schlup v. Delo*, 513 U.S. 298, 329 (1995), and *House v. Bell*, 547 U.S. 518, 538 (2006)).

The actual innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316; *see Nooner v. Hobbs*, 689 F.3d 921, 937 (8th Cir. 2012) (when habeas petitioner fails to present new, reliable evidence of innocence, "it is unnecessary to conduct a further *Schlup* analysis").

Porchia makes no allegation that he is "actually innocent" of the four convictions for delivery of crack cocaine. Instead, he disputes whether the drug buys took place within 1,000 feet of a church, as required for "an enhanced sentence" under Ark. Code Ann. § 5-64-411. As a threshold issue, the Eighth Circuit has clearly signaled that the "actual innocence" exception may not be available to challenge a sentencing enhancement in a non-capital case. *See U.S. v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001) (reversing grant of § 2255 relief vacating guidelines-range sentence because new evidence that defendant was "actually innocent of the sentence imposed" was insufficient to merit relief); *Embrey v. Hershberger*, 131

9

F.3d 739, 740 (8th Cir. 1997) (*en banc*) ("More fundamentally, we think that *Sawyer*, in terms, applies only to the sentencing phase of death cases").[8] However, even if this Court assumes the "actual innocence" exception applies in this case, Porchia has failed to present any *new evidence* that he is "actually innocent" of the sentencing enhancement.

Porchia argues that he is factually innocent because the "true proximity" between his residence, where the drug buys occurred, and the Faith Temple Apostolic Church is between 1500 and 2112 feet, *not* 1000 feet or less as required to qualify for the sentencing enhancement. *Doc. 12 at 2*. In support of his argument, Porchia submits web page printouts from Google Earth and a "mileage calculator" from Rand McNally. *Doc. 2 at 30, 31*.

At trial, a law enforcement officer testified, using the Google Earth program, that he measured the distance between Porchia's residence and the Faith Temple Apostolic Church "as the crow flies" and found it to be 554.39 feet.[9] *Doc. 10-3, Tr. 187-188*. As Respondent points out, the so-called "new measurements" offered by Porchia do *not* compute the distance between the two points "as the crow flies."

---

[8] The United States Supreme Court has not yet resolved the issue of whether "actual innocence" applies to a non-capital sentencing enhancement. See *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004) (declining to resolve issue, but remanding to the lower court with directions to address all non-defaulted claims before addressing actual innocence).

[9] Faith Temple Apostolic Church is located one street over from Porchia's residence, which is why the testifying officer clarified that he measured the distance "as the crow flies."

10

Obviously, *this is not new evidence*. Porchia or his counsel could have presented this same evidence, and made this same argument, at trial. Furthermore, *if* this evidence and argument had been made at trial, it only would have presented the jury with another *possible* option for calculating the distance. Nothing about that option would have been so compelling as to cause any reasonable juror to reject the "as the crow flies" option and find Porchia innocent of selling drugs within one thousand feet of a church.

Based on the trial court record, it is not possible to reach the required conclusion that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Brownlow v. Grouse*, 66 F.3d 997, 999 (8th Cir. 1995) (quoting *Schlup*, 513 U.S. at 322); *see also Jennings v. United States*, 696 F.3d 759, 764 (8th Cir. 2012) ("Actual innocence means factual innocence, not mere legal insufficiency.") (internal quotations and alterations omitted); *Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007) ("in non-capital cases the concept of actual innocence is easy to grasp, because it simply means the person didn't commit the crime."). Having failed to meet the demanding standard for establishing a claim of actual innocence, Porchia is not entitled to any equitable relief under that exception.

## III. Conclusion

Porchia's § 2254 Petition was filed more than three years *after* the one-year limitations period expired. Because Porchia has failed to demonstrate any ground for extending or overriding the limitations period, all of his habeas claims are time-barred and must be dismissed.

IT IS THEREFORE ORDERED THAT:

1. The 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus, *Docs. 1 & 5*, be DENIED, and this case be DISMISSED, WITH PREJUDICE; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability is DENIED.

DATED this 3rd day of April, 2019.

_____
UNITED STATES MAGISTRATE JUDGE